UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

vs.                                                         Civil Action No.: 2:21-cv-00187-NIQA

John Doe subscriber assigned IP
address 96.227.125.143,

      Defendant.

_____/

**DOE DEFENDANT 96.227.125.143 MOTION TO DISMISS OR TO QUASH**

Strike 3 Holdings filed this subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action to internet provider, Verizon, to identify the name and address of John Doe. But in reality, it is a strike suit, seeking to extract payment from anonymous Internet users through the threat of exposing false and potentially embarrassing accusations about the user's Internet viewing histories.

Strike 3's strategy is both simple and unconscionable: It alleges copyright infringement by a large numbers of anonymous Internet users whom it claims have distributed its "adult entertainment," seeks discovery of those users' identities from their Internet Service Providers, and then demands "settlements" of the infringement claims. Although many of the claims may be factually baseless, previously-anonymous users may agree to a strike-suit level settlement only to avoid being publicly accused of watching Strike 3's films, especially where the cost of settling is

much less than the cost of hiring a lawyer to protect their rights.

A number of federal judges have noted that the IP address observed as being connected to an instance of copyright infringement might well not belong to the infringer.

### Discovery Should Be Denied Because Strike 3 Has Presented No Evidence That Doe 96.227.125.143 Infringed Any Copyright.

The reason why the subpoena to Verizon for information identifying Doe 96.227.125.143 should be quashed is that Strike 3 has presented no evidence that Doe 96.227.125.143 has engaged in any infringing activity.  Recording an IP address as having been used for the commission of an allegedly actionable act is not, in itself, evidence that the owner of the Internet account that has been assigned that IP address committed the actionable act, any more, say, than recording a telephone number shows that a telephone call was made by the owner of the phone company account.  In this age of cybercrime and infiltration of cyber security protocols, it is more likely than not that Doe's 96.227.125.143 internet access was compromised and utilized by persons unknown.  Furthermore, during that span of time associated with the claim, the home of Doe 96.227.125.143 was visited by any number of persons who had access to the IP address.  Doe 96.227.125.143 should not be held accountable for acts committed by unknown parties, and/or unknown circumstances..

### CONCLUSION

The subpoena to Verizon for information pertaining to Doe 96.227.125.143 should be quashed, and the Bill of Discovery should be dismissed with prejudice.

Respectfully submitted,<br>
DOE DEFENDANT 96.227.125.143